UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Transocean Group Holdings PTY Ltd., on behalf of itself and Transocean Global Biofuels PTY Ltd., derivatively on behalf of High Plains Biofuels, Inc., | Civil No. 07-652 (JRT/FLN) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| South Dakota Soybean Processors, LLC., Rodney Christianson and Daniel Feige, | |
| Defendants. | |

Thomas B. Hatch for Plaintiffs
Roger W. Damgaard and Mary A. Akkerman for Defendants.

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 12, 2007, on Defendants' Objection to Venue and Motion to Dismiss [#7]. The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendants' motion be denied.

**I.      FINDINGS OF FACT**

Plaintiffs Transocean Group Holdings ("Transocean Holdings") and Transocean Global Biofuels ("Transocean Biofuels") are both Australian Companies with their prinicipal place of business in Syndey, Australia. (Compl. ¶ 1.) Transocean Biofuels is an affiliate of Transocean Holdings. (Compl. ¶ 1.)

Defendant South Dakota Soybean Processors ("SDSP") is a South Dakota company that operates a soybean processing plant in Volga, South Dakota, and provided management services for Minnesota Soybean Processors ("MnSP") at their biodiesel production facility in Brewster,

Minnesota. (Compl. ¶ 3.) Defendant Rodney Christianson, a South Dakota resident, is the Chief Executive Officer of SDSP. (Compl. ¶ 4.) Defendant Daniel Feige, a South Dakota resident, is a member of the SDSP Board of Managers. (Compl. ¶ 5.)

On April 26, 2006, High Plains Biofuels ("High Plains") was incorporated in Delware. (Compl. ¶ 8.) High Plains was formed for the purpose of constructing and operating a biodiesel production plant in Volga, South Dakota. (Compl. ¶ 2.) The original board of directors for High Plains consisted of James Henderson and Paul Wessel of Transocean Holdings and Christianson and Thomas Kersting of SDSP. (Compl. ¶ 8.) Two days after High Plains was incorporated, Transocean Holdings and SDSP executed an agreement, titled "Heads of Agreement", that laid out both parties obligations in regard to High Plains.[1] (Compl. ¶ 9 and Ex. A.)

After the "Heads of Agreement" was signed, the High Plains Board of Directors held a series of meetings. At a meeting on May 30, 2006, Daniel Feige and Rodney Skalbeck, both of SDSP, were added to the High Plains Board of Directors. (Compl. ¶ 18.) At that meeting, discussions took place regarding the construction of the High Plains biodiesel facility. (Compl. ¶ 18.) Throughout the summer, discussions, planning, and board meetings continued relating to the construction of the High Plains facility. (Wessel Decl. ¶¶ 11-14.)

Also during the summer, MnSP informed SDSP that they were terminating the management services contract for the Brewster facility. (Compl. ¶ 21.) In response, SDSP made an unsuccessful attempt to acquire the Brewster facility from MnSP. (Compl. ¶ 21.) On September 14, 2006, during

---

[1] Plaintiffs claim that "Heads of Agreement" is a contract and SDSP has breached the contract. (Compl. ¶¶ 32-36.) Plaintiffs also claim that in the process of breaching the contract, Christianson and Feige breached their fiduciary duty to High Plains. (Compl. ¶¶ 37-40.) Defendants contend that the "Heads of Agreement" was merely an agreement to agree. (Defs.' Mem. in Supp. of Mot. 3, fn. 2.)

the attempt to acquire the Brewster facility, Feige presented SDSP's proposal to a special meeting of MnSP's shareholders in Windom, Minnesota. (Compl. ¶ 24.) During this presentation, Feige stated that the "Heads of Agreement" was not a binding agreement between Transocean and SDSP. (Compl. ¶ 24.)

On September 24, 2006, High Plains held a Board Meeting, in Minneapolis, in response to the concerns of SDSP[2], raised by Chrisianson, regarding the terms of the "Heads of Agreement". (Wessel Decl. ¶ 14.) During this meeting, the Board of Directors discussed altering the "Heads of Agreement" in a manner that addressed SDSP's reservations. (Wessel Decl. 15.) This meeting also included further discussion relating to the construction and operation of the High Plains biodiesel facility. (Wessel Decl. 15.)

On November 9 and 10, 2006, Christianson and Henderson met in Minneapolis, Minnesota. (Wessel Decl. 21.) During this two day meeting, Christianson attempted to renegotiate the "Heads of Agreement" to make the ownership structure more beneficial to SDSP and designate SDSP as the general contractor for the project. (Wessel Decl. 21.) During these negotiations, Christianson represented that changes were necessary because SDSP did not want to abide by the current terms of the "Heads of Agreement". (Wessel Decl. 21.)

Ultimately, on December 19, 2006, SDSP held a Board of Directors meeting in Volga, South Dakota, where it was decided that they would cease negotiations with Transocean entities. (Christianson Decl. ¶ 12, Ex. C.) On January 11, 2007, SDSP, through Henderson, informed Transocean Biofuels that they were formally terminating discussions regarding High Plains.

---

[2]SDSP had begun to express concerns over the dilution of its ownership of High Plains. (Wessel Decl. ¶ 14.)

(Christianson Decl., Ex. D.)  This letter was sent from SDSP's facility in Volga, South Dakota. (Christianson Decl ., Ex. D.)

## II.   DISCUSSION

Pursuant to 28 U.S.C. § 1391(a)

"[a] civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in[:] (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought."

Id.  A corporate defendant is deemed to "reside" pursuant to subdivision (1) in "any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c); Guidant Sales Corp. v. Niebur, No. 01-1772, 2002 WL 205575 (D.Minn. Feb. 7, 2002); K-Tel Int'l, Inc.  v. Tristar Prod., Inc., 169 F.Supp.2d 1033 (D.Minn. 2001).  Venue protects a defendant from the inconvenience of having to defend an action in a trial court that is either remote from the defendant's residence or from the place where the acts underlying the controversy occurred. See VE Holding Corp. v. Johnson Gas Appliance Co., 917 F.2d 1574, 1576 (Fed. Cir. 1990), cert. denied, 499 U.S. 922, 111.  "Where venue is challenged by a defendant, plaintiff bears the burden of proving that venue is proper in the forum state." Saferstein v. Paul, Mardinly, Durham, James, Flandreau & Rodger, P.C., et al., 927 F.Supp 731 (S.D.N.Y. 1996).

Plaintiffs advance arguments based upon both §1391(a)(1) and §1391(a)(2). Under Section 1391(a)(2) (venue proper where "substantial part of the events or omissions giving rise to the cliam occurred") the Plaintiff's chosen forum need not have the most substantial contacts to the dispute. See United States Surgical Corp. v. Imagyn Medical Technologies, Inc., et al., 25 F.Supp.2d 40 (D.

Conn. 1998). The fact that substantial activities may have taken place in other districts is not dispositive. See Setco Enterprises Corp. v. Robbins, 19 F.3d 1278, 1281 (D.Minn. 1994) (holding that the Eighth Circuit no longer asks which district among two or more potential forums is the "best" venue.); Bates v. C & S Adjusters, Inc., 980 F.2d 865, 867 (2d Cir.1992) (construing § 1391(b)(2)). Rather, it is sufficient that a substantial part of the events occurred in the forum state even if a greater part of the events occurred elsewhere. See Setco Enterprises Corp., 19 F.3d at 1281; United States Surgical Corp., 25 F.Supp.2d at 43. The Eighth Circuit has held that when analyzing a "substantial part of the events or omissions" for purposes of venue, the Court should look to the relevant wrongful activities of the defendant; not the activities of the plaintiff nor lawful conduct of either party. Woodke v. Dahm, 70 F.3d 983, 985-86 (8th Cir. 1995).

Plaintiffs have met their burden of alleging wrongful conduct by the Defendants that occurred in Minnesota. Feige's statement to MnSP shareholders and Christianson's attempt to renegotiate at a High Plains Board Meeting on September 24, 2006, and with Henderson on November 9-10, 2006, make up a substantial part of the Plaintiff's claims of breach of fiduciary duty by Henderson and Feige. Defendants may ultimately be proved correct in asserting that these actions were not a breach of their fiduciary duty, and therefore not wrongful. But it is these events, which occurred in Minnesota, that Plaintiff's allege support their breach of fiduciary duty claims.

Defendants also argue that the only potentially wrongful conduct by SDSP is the decision to cease negotiation with the Transocean entities and the communication of the decision. However, Plaintiffs allege a larger course of conduct to support the allegations of breach of contract and asserts that the discussions held in the fall of 2006 demonstrate the Defendants' belief that a contract existed

and an intent to breach the contract.

This breach of contract case is distinguishable from Woodke, in that the claims in Woodke focused on specific conduct that would violate the Lanham Act. See Woodke, 70 F.3d 983. Woodke focused on specific conduct that would violate a federal statute and where that conduct took place. Id. However, in this case, the essential issue to the breach of contract claim is not whether a breach occurred, but whether a contract existed because both parties concede that the Defendants abandoned the "Heads of Agreement". The Plaintiff has identified a substantial set of facts occurring in Minnesota that bear on the issue of contract formation. It is those events that give rise to the Plaintiff's contract claim. Plaintiffs have met their burden of producing evidence that a "substantial part of the events or omissions giving rise to the claim occurred" in Minnesota. Venue here is proper.

As the Court has concluded that venue here is proper under Section 1391(a)(2), it is not necessary to address Plaintiff's alternative argument that venue is also proper under Section 1391(a)(1).

**III.   RECOMMENDATION**

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendants' Objection to Venue and Motion to Dismiss [#7] be **DENIED**.

DATED: May 18, 2007                             s/ *Franklin L. Noel*
                                                FRANKLIN L. NOEL
                                                United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **June 7, 2007**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection

is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **June 7, 2007,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.