UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| TRANSOCEAN GROUP HOLDINGS PTY LTD., on behalf of itself and TRANSOCEAN GLOBAL BIOFUELS, PTY LTD., derivatively on behalf of HIGH PLAINS BIOFUELS, INC., <br><br>                                  Plaintiffs, <br><br>v. <br><br>SOUTH DAKOTA SOYBEAN PROCESSORS, LLC, RODNEY CHRISTIANSON, and DANIEL FEIGE, <br><br>                                  Defendants. | Civil No. 07-652 (JRT/FLN) <br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION DENYING DEFENDANTS' MOTION TO DISMISS AND OBJECTION TO VENUE** |

Thomas B. Hatch and Peter N. Surdo, **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.,** 2800 LaSalle Plaza, 800 LaSalle Avenue, Minneapolis, MN 55402, for plaintiffs.

William J. Coughlin, **WILLIAM J. COUGHLIN, P.A.,** 4660 Slater Road, Suite 128, Eagan, MN 55122; and Roger W. Damgaard, **WOODS, FULLER, SHULTZ & SMITH P.C.,** 300 South Phillips Avenue, Suite 300, Post Office Box 5027, Sioux Falls, SD 57117-5027, for defendants.

Plaintiffs brought this action for breach of contract and breach of fiduciary duty after defendants ceased negotiations with plaintiffs regarding a joint venture. Defendants filed a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. In a Report and Recommendation dated May 18, 2007, United States Magistrate Judge Franklin L. Noel recommended that the Court deny defendants' motion to dismiss. Defendants timely objected to the Report and Recommendation. This Court

has conducted a *de novo* review of the objections under 28 U.S.C. § 636(b)(1)(C) and D. Minn. LR 72.2(b).  For the reasons set forth below, the Court adopts the Report and Recommendation and denies defendants' motion.

**BACKGROUND**

Plaintiffs Transocean Group Holdings and Transocean Biofuels (collectively "Transocean") are Australian companies with their primary place of business in Sydney, Australia.  Defendant South Dakota Soybean Processors ("SDSP"), a South Dakota company, operates a soybean processing plant in Volga, South Dakota.  At one time, SDSP provided management services to Minnesota Soybean Processors ("MnSP") at MnSP's biodiesel production facility in Brewster, Minnesota.  Defendant Rodney Christianson ("Christianson") is the Chief Executive Officer of SDSP and is a resident of South Dakota.  Defendant Daniel Feige ("Feige") is a member of the SDSP Board of Managers and is also a resident of South Dakota.

SDSP and Transocean entered into negotiations to form High Plains Biofuels ("High Plains"), an entity created for the construction and operation of a biodiesel production plant in Volga, South Dakota.  High Plains was incorporated on April 26, 2006 in Delaware.  The Board of Directors for High Plains included defendant Christianson, Thomas Kerting from SDSP, and James Henderson and Paul Wessel from Transocean.  The Board was later expanded to include defendant Feige.  On April 28, 2006, SDSP and Transocean formed an agreement entitled "Heads of Agreement" (the

"Agreement") that described the corporations' respective responsibilities to High Plains, and that forms the basis for the present action.

After the Agreement was executed, the High Plains Board of Directors held a series of meetings to plan for an initial public offering of the corporation. Many of these meetings took place in Minnesota. On July 14, 2006, the Board met in New Ulm, Minnesota to discuss budget concerns and business strategies. On July 26, 2006, the Board met in Minneapolis to discuss the possibility of High Plains making an offer to purchase the MnSP biodiesel facility in Brewster, Minnesota. And on September 24, 2006, the Board held a meeting in Minneapolis, during which they discussed SDSP's concerns with the Agreement.

In August 2006, MnSP informed SDSP that it intended to terminate its management contract for the Brewster, Minnesota facility. In response, SDSP attempted to acquire the facility. On September 14, 2006, Feige presented SDSP's bid during a special meeting of MnSP shareholders in Windom, Minnesota. At that meeting, Feige represented to MnSP shareholders that the Agreement between SDSP and Transocean was a non-binding letter of intent, and not a valid contract. SDSP's bid was ultimately rejected.

On November 9 and 10, 2006, Christianson met with Henderson in Minneapolis for a two-day meeting. Christianson voiced his concerns with the Agreement and with the amount of control SDSP was given over High Plains. Plaintiffs allege that Henderson was receptive to Christianson's concerns, but that both parties agreed that if they could not reach a resolution, the terms of the original Agreement would remain in effect.

On December 19, 2006, SDSP's Board of Directors met and decided to cease negotiations with Transocean. A short time later, Transocean brought this action against defendants, alleging that SDSP breached the Agreement and that Christianson and Feige breached their fiduciary duty to High Plains. Defendants filed this Rule 12(b)(3) motion to dismiss based on improper venue. *See* Fed. R. Civ. P. 12(b)(3). The Magistrate Judge recommended that this Court deny defendants' motion, and these objections followed.

## ANALYSIS

### I.   STANDARD OF REVIEW

Rule 12(b)(3) provides that a party may move to dismiss an action when the action is not filed in the proper venue. Fed. R. Civ. P. 12(b)(3). When reviewing a motion under Rule 12(b)(3), the Court applies the same standard used for other motions to dismiss. *Twin Lakes Sales, LLC v. Hunter's Specialties, Inc.*, 2005 WL 1593361, at *1 (D. Minn. July 6, 2005). The Court must construe all facts in the light most favorable to the non-moving party, and take the facts alleged in the complaint as true. *Goss Graphic Sys. v. Man Roland Druckmaschinen Aktiengesellschaft*, 139 F. Supp. 2d 1040, 1056 (N.D. Iowa 2001). The defendant, as the moving party, has the burden of establishing that venue is improper. *See United States v. Orsheck*, 164 F.2d 741, 742 (8th Cir. 1947).

### II.   VENUE UNDER 28 U.S.C. § 1391(a)(2)

Under 28 U.S.C. § 1391(a)(2), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." Plaintiffs need not show that Minnesota is the "best" venue, *Setco Enters. Corp. v. Robbins*, 19

F.3d 1278, 1281 (D. Minn. 1994), nor must they demonstrate that Minnesota has the most substantial contacts to the dispute. *See United States Surgical Corp. v. Imagyn Med. Techs., Inc.*, 25 F. Supp. 2d 40, 43 (D. Conn. 1998). In reviewing a motion under § 1391(a)(2), the Court should focus on the relevant wrongful activities of the defendant, not on the activities of the plaintiff or the lawful conduct of either party. *Woodke v. Dahm*, 70 F.3d 983, 985-86 (8th Cir. 1995).

The Court finds that plaintiffs have alleged sufficient conduct in Minnesota to withstand defendants' Rule 12(b)(3) motion. In support of their breach of fiduciary duty claim, plaintiffs allege that on September 14, 2006, in Windom, Minnesota, Feige told MnSP shareholders that the Agreement was merely a non-binding letter of intent. Plaintiffs further allege that Christianson tried to re-negotiate the Agreement on September 24, 2006 and on November 9 and 10, 2006, in Minnesota. Plaintiffs argue that these actions demonstrate that Christianson and Feige did not act in the best interests of High Plains.

With respect to their breach of contract claim, plaintiffs allege that defendants recognized the Agreement as a formal contract during two meetings in July 2006 that took place in Minnesota. Plaintiffs contend that the parties discussed the Agreement, budget and payment processes, and the construction of the High Plains plant during these meetings. Plaintiffs also point to Feige's statement on September 14, 2006 that the Agreement was not a binding contract, and to Christianson's attempts to re-negotiate the High Plains deal in September and November, as evidence of their intent to breach the contract. Again, the relevant conduct alleged by plaintiffs occurred in Minnesota.

Defendants argue that, under *Woodke*, plaintiffs cannot establish venue under § 1391(a)(2) merely by labeling as wrongful otherwise innocent conduct. According to defendants, none of the conduct during the July 2006 meetings can be characterized as wrongful. In *Woodke*, however, the Eighth Circuit addressed venue in the context of a Lanham Act claim, finding that the district in which defendant had manufactured the disputed products was not legally relevant to plaintiff's passing off claim for purposes of venue. *Woodke*, 70 F.3d at 985-96 (noting that "[t]hese activities . . . have an insubstantial connection with the kinds of events that give rise to a claim"). Here, while defendants' alleged conduct during the July 2006 meetings is not wrongful *per se*, plaintiffs must show the existence of a contract in order to prove that that contract was in fact breached. Because the alleged conduct is a necessary predicate to plaintiff's breach of contract claim, the Court finds that the allegations are properly considered along with defendants' alleged wrongful conduct in determining whether venue is proper in Minnesota.

For these reasons, the Court finds that plaintiffs have alleged sufficient conduct in Minnesota to establish venue pursuant to § 1391(a)(2). The allegations are sufficient for venue even if they are ultimately determined to be insufficient as proof of plaintiffs' underlying claims. The Court therefore denies defendants' Rule 12(b)(3) motion to dismiss for improper venue.

- 7 -

## ORDER

Based on the foregoing records, files, and proceedings herein, the Court **OVERRULES** defendants' objections [Docket No. 25] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated May 18, 2007 [Docket No. 22]. **IT IS HEREBY ORDERED** that defendants' motion to dismiss and objection to venue [Docket No. 7] is **DENIED**.

DATED:   August 31, 2007                   s/ John R. Tunheim    _
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                               United States District Judge